Chancellor Rutledge
afterwards delivered the decree of the court, on the principal points made by the report and exceptions»
*481 From the very great difficulty which the master has encountered in the investigation of the accounts, of sixteen years copartnership, occasioned by the confused manner of keeping the books now existing, and the loss or destruction of others, it seems to be agreed on all hands, that it will be impossible to do complete justice between the parties. ' '
We have considered the master’s report, and the evidence accompanying it; and we do not think from the evidence adduced, that he is warranted in assuming the principle, that it was proper to debit the defendants testator with the whole earnings of the partnership, and to credit him for such sums only as could be proved to have been paid by him; because it does not appear that Wyatt had the sole and exclusive direction and management of the books. There is no evidence of any agreement to that effect, and we cannot presume that there was, in order to make him so generally chargeable. And it. is not denied that the books were open to the inspection and view of the other copartners until they died; for they lived with Mr. Wyatt during the whole copartnership, and died at his house. It is presúmable therefore that the business was conducted to their mutual satisfaction.
In the confused state in which this case stands, the more equitable principle would be, for the master to charge defendants testator only with such earnings as are entered in the books, or which may be proved by other evidence were received by him, and to adopt the same rule with respect, to B. Richardson’s account. The bad debts must be the loss of the copartnership, until B. Rich-ardsons death, as it was equally his duty with Wyatt (for any thing that appears to the contrary) to look after the debts ; and we must believe that Wyatt, was as little inclined to lose a debt as the others .were. ■ It is hardly presumable that any debts were lost through Wyatt’s negligence, after B. Richardson’s death, he having survived Richardson but eight or nine months. If any have been lost since Wyatt’s death, the complainants are as culpable *482 as the defendant, they having been in a state of hostility' with her ever since Wyatt’s death, & forbade the payment of any of the debts to her. The allowance for boarding the clerks, and rent of the land ought to stand ; also the allowance for feeding of 2 horses employed for the use of tjle collcem. With respect to the 1400/. said to have been brought into the copartnership by the Richardsons, the testimony of Mr. Allison is positive that Wyatt told him so more than once. The witness supposes that B. Richardson was worth SOOkor 600 in Pennsylvania. On the other hand, the evidence of Mr. Kyser, who knew the Richardsons for several years, is as positive that they could not have had that sum; and from the very singular circumstance which he positively swears to, that all the co-partners in the concern, he was certain could not at any one time have lent one hundred dollars to any one, we are rather inclined to believe that after a lapse of 23 or 24 years, Allison’s memory has failed him, and that the 400/. which Richardson has credit for in the books, is the real sum that Wyatt mentioned; especially too as Mrs. .L-ingard swore that when the Richardsons came to live with Wyatt, they were scarcely half cloathed.
As to the apprentice fees there is no evidence at all on that point to warrant a division of them among the copart-ners; no credit therefore is to be given in account for them-1 The defendant, Mrs. Wyatt is not entitled to dower in the lands of the partnership.